IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ERICA MCGHEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER: |
| ) | 24-cv-325 |
| ) | JURY DEMAND |
| ) | |
| GULF SHORES STEAMER, LLC, ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

## I. INTRODUCTION

This is an action brought by Erica McGhee against Gulf Shores Steamer, LLC, for legal and equitable relief to redress gender/sex discrimination in violation of Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e *et seq.*, the "Civil Rights Act of 1991." The jurisdiction of this Court is invoked to secure protection of, and redress deprivation of rights secured by 42 U.S.C. §2000 *et seq.* providing for injunctive and other relief against gender/sex discrimination in employment. Plaintiff seeks injunctive relief, equitable relief, compensatory damages, punitive damages, and requests a trial by jury.

1

## II.     JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to the Act of Congress known as 28 U.S.C. §§1331, 1334(4), 2201 and 2202, 42 U.S.C. §2000e *et seq*.

2.      Plaintiff timely filed her charge of gender/sex discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last discriminatory/retaliatory treatment (Exhibit "A"). The EEOC issued a Letter of Determination/Cause Finding on June 14, 2024 (Exhibit "B").  Plaintiff further files this lawsuit within 90 days after receipt of her Conciliation Failure and Notice of Rights issued from the EEOC on or about July 3, 2024 (Exhibit "C").

## III.    PARTIES

3.      Plaintiff, Erica McGhee, is a female citizen of the United States and a resident of the State of Alabama.  Plaintiff sought employment with Defendant and was not hired due to her sex, female.

4.      Defendant, Gulf Shores Steamers, LLC, is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq*.  Defendant employs at least fifteen (15) persons and does business in Orange Beach, Baldwin County, Alabama.

## IV.     FACTS

5.      Plaintiff applied for a bartending position with Defendant on Indeed.com on or about July 9, 2022.

6.      Plaintiff received a text message from Roxy, Manager at the Gulf Shores Steamer in Orange Beach, Alabama regarding her application on Indeed.com.  Roxy asked if the plaintiff was still interested in the bartending position.  Plaintiff told her she was.  Plaintiff was told to go to the location, in person, on Sunday, July 10, 2022, between 11:00 a.m. and 12:00 p.m.  Plaintiff was told to ask for Christian when she arrived.

7.      Plaintiff went in to Gulf Shores Steamer on Sunday July 10, 2022, as instructed by Roxy the Manager and spoke with Christian. He had the plaintiff fill out a paper application and when she was finished, they talked about the procedures, and he explained how busy it can get. He then told the plaintiff to let him know if she felt like she couldn't handle it (the job).  At this time, Plaintiff explained to Christian that she had many years' experience and managed at a much larger restaurant in the area. He told the plaintiff to come in on Wednesday and Friday to train. He wrote the plaintiff's name in on the schedule, and she planned to be there Wednesday.

8.      Defendant's Bartender position has/had no minimum qualifications or lifting requirements listed in said job description.

9. Before Plaintiff could report for her first shift, she received a text message from Mark on Tuesday, July 12, 2022, that stated:

> "Hello, Erica, it's mark from steamer im sorry but **our owner prefers male bartender he says it's to much and to busy for a woman** I'm apologizing but you don't have to come Wednesday and Friday sorry again and good luck for a future."

(Emphasis Added).

10. The Manager, male, and Owner, male, believed the plaintiff would not have the physical strength to meet the physical demands of the position because she is female.

11. Plaintiff had also turned down other positions to take this one position at Gulf Shores Steamer.

12. Plaintiff was qualified for the position with Defendant and could do the work.

13. Defendant, specifically the Owner, Jeffery M. Price, treats female applicants and employees differently than male applicants and employees. Defendant, specifically Mr. Price, believes that females cannot do the job of a bartender due to their sex.

14. Defendant has a pattern and practice of sex/gender discrimination in hiring.

15. Plaintiff has suffered emotional stress, embarrassment, and humiliation as a result of Defendant's conduct.

16. Defendant's actions were willful, with malice and with reckless disregard.

### V. CAUSES OF ACTION

#### CLAIMS OF GENDER/SEX DISCRIMINATION PURSUANT TO TITLE VII

17. Plaintiff re-alleges and incorporates by reference paragraphs 1-16 with the same force and effect as if fully set out in specific detail hereinbelow.

18. Plaintiff has been discriminated against on the basis of her gender/sex in regard to hiring as well as other terms, conditions and privileges of employment.

19. Defendant had no legitimate non-discriminatory reason for its conduct of not hiring the plaintiff as a Bartender.

20. Defendant's reason(s) for Plaintiff's non-hiring were pretextual and discriminatory based on her sex.

21. Plaintiff was treated differently than similarly situated individuals who were not female.

22. Defendant has a pattern and practice of sex/gender discrimination in hiring.

23. Plaintiff has suffered emotional stress, embarrassment, and humiliation as a result of Defendant's conduct.

24. Defendant's actions were willful, with malice and with reckless disregard.

## IV.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of the Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*

B. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. §2000e *et seq.*

C. Enter an order requiring Defendant to make the Plaintiff whole by awarding her the position(s) she would have had occupied in the absence of gender/sex discrimination, back-pay (plus interest), punitive damages, compensatory damages, and/or nominal damages, declaratory and injunctive relief, and benefits.

D.   Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY**

Respectfully submitted,

/s/ ***Gregory O. Wiggins***
Gregory O. Wiggins
WIGGINS, CHILDS, PANTAZIS,
   FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
gwiggins@wigginschilds.com


Defendant's Address
To Be Served Certified Mail
   Gulf Shores Steamer, LLC
   c/o Registered Agent
   Jeffery M. Price
   27267 Perdido Beach Blvd., Suite 115
   Orange Beach, AL 36561